UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, By MICHELLE A. HENRY, ATTORNEY GENERAL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FLUENT, LLC ; AMERICAN PRIZE CENTER, LLC; DELIVER TECHNOLOGY, LLC; REWARDZONE USA, LLC; and SAMPLES & SAVINGS USA, LLC,<br><br>　　　　　Defendants. | **CONSENT PETITION FOR FINAL DECREE**<br><br>No. 2:22-cv-1551<br><br><br>Filed on Behalf of Plaintiff:<br><br>COMMONWEALTH OF PENNSYLVANIA, MICHELLE A. HENRY ATTORNEY GENERAL<br><br>Counsel of Record for this Party:<br><br>Amy L. Schulman<br>Senior Deputy Attorney General<br>P.A. I.D. No. 80888<br>1251 Waterfront Place<br>Mezzanine Level<br>Pittsburgh, PA 15222<br>(412) 565-3523 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,
By MICHELLE A. HENRY, ATTORNEY
GENERAL,

        Plaintiff,

Docket No. 2:22-cv-1551

v.

FLUENT, LLC ; AMERICAN
PRIZE CENTER, LLC; DELIVER
TECHNOLOGY, LLC; REWARDZONE USA,
LLC; and SAMPLES & SAVINGS USA, LLC,

        Defendants.

## CONSENT PETITION FOR FINAL DECREE

**AND NOW**, comes the Commonwealth of Pennsylvania, by Attorney General Michelle A. Henry ("Commonwealth" or "Plaintiff"), and submits this Consent Petition for Final Decree ("Consent Petition"), the terms of which have been consented to by Fluent LLC , American Prize Center, LLC, Deliver Technology, LLC, RewardZone USA, LLC and Samples & Savings USA, LLC ("Defendants").

## JURISDICTION AND VENUE

**WHEREAS**, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1355, as well as 15 U.S.C. §§ 6103(a);

**WHEREAS**, this Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367;

**WHEREAS**, venue is proper in this district pursuant to 15 U.S.C. § 6103(e) and 28 U.S.C. §§ 1391(b)(2) and 1395(a);

## PARTIES

**WHEREAS**, Plaintiff is the Commonwealth of Pennsylvania, Office of Attorney General, with offices located at 1251 Waterfront Place, Mezzanine Level, Pittsburgh, Pennsylvania 15222; and 15th Floor, Strawberry Square, Harrisburg, Pennsylvania 17120;

**WHEREAS**, Defendant Fluent, LLC is a Delaware limited liability company with a principal place of business located at 300 Vesey Street, 9th Floor New York, New York 10282;

**WHEREAS**, Defendant American Prize Center, LLC is a New York limited liability company with a principal place of business located at 300 Vesey Street, 9th Floor New York, New York 10282 and is a subsidiary entity of Fluent, LLC;

**WHEREAS**, Defendant Deliver Technology, LLC is a Delaware limited liability company with a principal place of business located at 300 Vesey Street, 9th Floor New York, New York 10282 and is a subsidiary entity of Fluent, LLC;

**WHEREAS**, Defendant RewardZone USA, LLC is a New York limited liability company with a principal place of business located at 300 Vesey Street, 9th Floor New York, New York 10282 and is a subsidiary entity of Fluent, LLC;

**WHEREAS**, Defendant Samples & Savings USA, LLC is a Delaware limited liability company with a principal place of business located at 300 Vesey Street, 9th Floor New York, New York 10282 and is a subsidiary entity of Fluent, LLC;

## BACKGROUND

**WHEREAS**, Defendants have engaged in trade and commerce in the Commonwealth of Pennsylvania by obtaining and selling consumer data, including data from Pennsylvania consumers, for purposes of lead generation;

**WHEREAS**, on November 2, 2022, the Commonwealth filed the above-captioned Complaint alleging Defendants, in connection with their lead generating practices, violated the *Unfair Trade Practices and Consumer Protection Law*, 73 P.S. § 201-1, *et seq.* (Consumer Protection Law); the *Telemarketer Registration Act*, 73 P.S. § 2241, *et seq.* ("TRA"); and the Federal Trade Commission's Trade Regulation Rule entitled the *"Telemarketing Sales Rule"* ("TSR"), 16 C.F.R. Part 310, the allegations of which are incorporated herein by reference;

**WHEREAS**, amongst other relief, the Commonwealth's Complaint sought to enjoin Defendants from certain alleged acts and practices declared unlawful by the Consumer Protection Law, the TRA and the TSR;

**WHEREAS,** the Commonwealth and Defendants have agreed to the entry of this Consent Petition by this Court without trial or adjudication of any issue of fact or law and without any admission of wrongdoing;

**WHEREAS,** it is the position of the Defendants that the matters alleged in the Complaint concern practices that are historical in nature and compliant with the law; and

**WHEREAS,** Defendants desire to comply with the provisions of this Consent Petition and have signed it with the intent that, upon approval of the Court, its terms shall constitute the provisions of the Final Decree, Order or Judgment of the Court in the above-captioned matter and shall be binding upon Defendants.

## SETTLEMENT TERMS

**NOW THEREFORE**, Defendants agrees for themselves, their successors, assigns, officers, partners, agents, representatives, employees, and all other persons acting on their behalf, jointly or individually, directly or indirectly, or through any corporate or business device, as follows:

I.  **DEFINITIONS**

**"Clear and Conspicuous" or "Clearly and Conspicuously"** means that a statement is difficult to miss (i.e., easily noticeable) and easily understandable, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the statement must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the statement must be presented in both the visual and audible portions of the communication even if the representation requiring the statement is made in only one means.

2. A visual statement, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible statement, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the statement must be "Unavoidable," meaning that a statement must be presented in such a manner that consumers will be exposed to the statement in the course of communication without having to take affirmative actions, such as scrolling down a page, clicking on a link to other pages, activating a pop-up window, or entering a search term to view the statement.

5. The statement must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the statement appears.

6. The statement must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The statement must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. If a statement is necessary as a modification, explanation, or clarification of other information with which it is presented, such that its omission could mislead or deceive consumers, it must be presented in close proximity to the information it modifies, explains, or clarifies in a manner so as to be readily noticed or heard and understood.

**"Consumer Data"** means consumer's personally identifiable information, including name, address, date of birth, telephone number and email address of a consumer who is a Pennsylvania resident.

**" Effective Date"** means the date the United States District Court for the Western District of Pennsylvania enters a Final Decree, Order or Judgment, approving the terms of the Consent Petition.

## II. INJUNCTION AND AFFIRMATIVE RELIEF

### A. Advertising and Marketing Practices

1. Defendants shall comply with any and all provisions of the Consumer Protection Law and any amendments thereto; and, is permanently enjoined from any violation thereof.

2. Defendants shall not in any way misrepresent to consumers an affiliation with any product or service that Defendants do not have.

3. Defendants shall, when applicable, Clearly and Conspicuously disclose to consumers that completion of advertised deals for products and services is required to obtain Defendants' Rewards or other promotional offers.

4. Defendants shall not engage in any misleading acts or practices in an effort to obtain Consumer Data for purposes of lead generation.

5. Defendants shall Clearly and Conspicuously disclose to consumers how, if they consent, their Consumer Data may be used or shared with third parties for purposes of lead generation.

### B. Telemarketing Related Practices

1. Defendants shall comply with any and all provisions of the TRA and any amendments thereto, and is permanently enjoined from any violation thereof.

2. Defendants shall comply with any and all provisions of the Telemarketing Sales Rule and any amendments thereto; and, is permanently enjoined from any violation thereof.

3. When seeking Consumer Data, for purposes of sharing with, or sale to, telemarketers, from consumers who have registered their phone numbers either

on the national "do-not-call" registry or the Pennsylvania "do not call" list, Defendants shall obtain an "express agreement in writing" from consumers in compliance with Section 310.4(b)(iii)(B)(1) of the TSR and shall:

   a. obtain a written agreement clearly evidencing the consumer's authorization that calls made by or on behalf of a specific party or specific parties may be placed to the consumer's telephone number; and

   b. obtain the consumer's signature.

4. When seeking Consumer Data, for purposes of sharing with, or sale to, telemarketers, from consumers who have registered their phone numbers either on the national "do-not-call" registry or the Pennsylvania "do not call" list, Defendants shall clearly and conspicuously disclose to consumers the identification of the specific party or parties for whom consent is sought, without requiring the use of a hyperlink or separate pop-up screen.

5. Defendants shall Clearly and Conspicuously disclose to consumers that they are not required to provide consent to receive telemarketing calls to be eligible to receive or earn any promotional offer or benefit advertised to consumers by Defendants.

C. **Consumer Data Usage**

1. Defendants shall not sell, transfer or share any Consumer Data for telemarketing purposes, unless the Consumer Data was acquired in accordance with the requirements set forth under Section 310.4(b)(iii)(B)(1) of the TSR (requirements

7

for express agreement to receive telemarking calls for consumers on the "do-not-call" registry).

2. In accordance with Section 310.4(b)(v)(A)(i)-(iv) of the TSR, Defendants shall not sell, transfer or share any Consumer Data for purposes of delivering telemarketing calls with prerecorded messages.

### III.   MONETARY RELIEF

A. **Required Payment** — Upon the signing of this Consent Petition, Defendants shall pay to the Commonwealth the sum of TWO HUNDRED FIFTY THOUSAND and 00/100 Dollars ($250,000.00), as costs of investigation, which shall be deposited into an interest-bearing account from which both principal and interest and shall be expended for public protection and educational purposes.

### IV.   MISCELLANEOUS TERMS

A. Nothing in this Consent Petition shall prevent or restrict its use by the Commonwealth in any action against Defendants for contempt arising from their failure to comply with any of its provisions, terms or conditions.

B. Nothing in this Consent Petition shall be construed to: (i) exonerate any contempt or failure to comply with any of its provisions after the Effective Date; (ii) compromise or limit the authority of the Commonwealth to initiate a proceeding for any contempt or other sanctions for failure to comply; or (iii) compromise the authority of this Court to punish as contempt any violation of this Consent Petition. Further, nothing in this Consent Petition shall be construed to limit the authority of the Commonwealth to otherwise protect the interests of the Commonwealth or the people of the Commonwealth of Pennsylvania.

C. Daniel J. Barsky, as General Counsel of Fluent, LLC certifies that he is authorized to enter into and execute this Consent Petition on behalf of Fluent, LLC.

D. Daniel J. Barsky, as General Counsel of American Prize Center, LLC certifies that he is authorized to enter into and execute this Consent Petition on behalf of American Prize Center, LLC.

E. Daniel J. Barsky, as General Counsel of Deliver Technology, LLC certifies that he is authorized to enter into and execute this Consent Petition on behalf of Deliver Technology, LLC.

F. Daniel J. Barsky, as General Counsel of RewardZone USA, LLC certifies that he is authorized to enter into and execute this Consent Petition on behalf of RewardZone USA, LLC.

G. Daniel J. Barsky, as General Counsel of Samples & Savings USA, LLC certifies that he is authorized to enter into and execute this Consent Petition on behalf of Samples & Savings USA, LLC.

H. Any failure of the Commonwealth to exercise any of its rights under this Consent Petition shall not constitute a waiver of its rights hereunder.

I. Defendants agree to execute and deliver all authorizations, documents and instruments which are necessary to carry out the terms and conditions of this Consent Petition, whether required prior to, contemporaneous with or subsequent to the Effective Date, as defined herein.

J. United States District Court in the Western District of Pennsylvania shall maintain jurisdiction over the subject matter of this Consent Petition and over Defendants for the

purpose of enforcement of this Consent Petition and/or the Order or Final Decree approving its terms.

K. This Consent Petition may be executed in any number of counterparts and by different signatories on separate counterparts, each of which shall constitute an original counterpart hereof and all of which together shall constitute one and the same document. One or more counterparts of this Consent Petition may be delivered by facsimile or electronic transmission with the intent that it or they shall constitute an original counterpart hereof.

L. Defendants understand and agree that if they made any false statement in or related to this Consent Petition, that such statement is made pursuant 28 USC §1746.

M. The Commonwealth and Defendants hereby stipulate that the Final Decree, Order or Judgment of Court to be issued pursuant to this Consent Petition shall act as a permanent injunction issued under Section 201-4 of the Consumer Protection Law, 73 P.S. § 201-4, and, that, subject to the specific terms and conditions stated in this Consent Petition, breach of any of its terms or of the Final Decree, Order or Judgment accompanying it shall be sufficient cause for the Commonwealth to seek penalties as provided under Sections 201-8, 201-9, and 201-9.1 of the Consumer Protection Law, 73 P.S. §§ 201-8, 201-9 and 201-9.1, or any other relief as the Court shall determine appropriate.

N. This Consent Petition sets forth all of the promises, covenants, agreements, conditions and understandings between the parties, and supersedes all prior and contemporaneous agreements, understandings, inducements or conditions, express or implied. There are no representations, arrangements, or understandings, oral or written, between the parties relating to the subject matter of this Consent Petition that are not fully expressed herein or attached hereto. Each party specifically warrants that this Consent Petition is executed without

reliance upon any statement or representation by any other party hereto, except as expressly stated herein.

O.  The parties acknowledge and agree that this Consent Petition and all of its terms are subject to and contingent upon the Consent Petition being approved by the United States District Court in the Western District of Pennsylvania and entered as an Final Decree, Order or Judgment.

P.  Defendants shall not represent or imply that the Commonwealth acquiesces in, or approves of, Defendants' past or current business practices, efforts to improve their practices, or any future practices that Defendants may adopt or consider adopting.

**WHEREFORE**, without trial or adjudication of the facts or law herein among the parties to this Consent Petition and without any admission of wrongdoing, Defendants agree to this Court's signing and entry of a Final Decree, Order or Judgment, ordering that Defendants shall be permanently enjoined from breaching any and all of the aforementioned provisions of Section II hereof.

**[SIGNATURES ON THE FOLLOWING PAGES]**

**WE HEREBY** consent to the terms of this *Consent Petition for Final Decree*, evidenced by our signatures set forth below, and submit the same to this Honorable Court for the making and entry of a Final Decree, Order or Judgment of the Court.

FOR THE COMMONWEALTH:

**COMMONWEALTH OF PENNSYLVANIA**
**OFFICE OF ATTORNEY GENERAL**

**MICHELLE A. HENRY**
**ATTORNEY GENERAL**

Date: 5/18/23     By: *[signature]*

Amy L. Schulman
Senior Deputy Attorney General

Commonwealth of Pennsylvania
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, Pennsylvania 15222

12

FOR THE DEFENDANTS:

FLUENT, LLC

Date: 5/17/2023   By: _____
Daniel J. Barsky
General Counsel

AMERICAN PRIZE CENTER, LLC

Date: 5/17/2023   By: _____
Daniel J. Barsky
General Counsel

DELIVER TECHNOLOGY, LLC

Date: 5/17/2023   By: _____
Daniel J. Barsky
General Counsel

REWARDZONE USA, LLC

Date: 5/17/2023   By: _____
Daniel J. Barsky
General Counsel

SAMPLES & SAVINGS USA, LLC

Date: 5/17/2023   By: _____
Daniel J. Barsky
General Counsel

Date: 5/17/2023   By: _____
Daniel S. Savrin, Esquire
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726

Counsel for Defendants

13